[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15859
Non-Argument Calendar

_____

D. C. Docket No. 7:09-cv-00147-CLS

GARY GOFF,
On behalf of himself and all others similarly situated,

Plaintiff-Appellant,

versus

LASALLE BANK, N.A.,
as Trustee for the MLMI Trust Series 2006-RM4,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Northern District of Alabama

_____

(May 1, 2013)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

This case arises out of a real estate mortgage transaction entered into by Gary Goff and LaSalle Bank's assignor on June 20, 2006.  On January 23, 2009,  Gary Goff sued LaSalle under the Truth in Lending Act ("TILA"), 15 U.S.C. § § 1601-67(e) for statutory damages and rescission.   He claimed entitlement to such relief (1) because the closing statement did not disclose that he was required to make monthly payments to repay the loan, and (2) the right-to-rescind form was defective because the form did not state the date of the closing or the date of the expiration of his right to rescind the loan.

LaSalle moved the District Court for judgment on the pleadings, asserting that Goff's claims for damages were time-barred by TILA's one-year statute of limitations for damages, and that Goff's right to rescind expired after midnight of the third business day following the closing.   The Magistrate Judge to whom the case was referred agreed that the claim for damages was time barred.   The rescission issue, he said, turned on the question of whether the form failed to "clearly and conspicuously disclose" that Goff had the right to cancel the mortgage transaction within three business days after it occurred. The judge found that although the form was undated and the time in which he had the right to cancel was not clearly and conspicuously explained, the form clearly and conspicuously explained that the period in which he could exercise the right to rescind was three business days.   The

2

Magistrate Judge therefore issued a Report and Recommendation recommending that the District Court grant LaSalle's motion.   The court followed the recommendation, dismissed Goff's complaint, and gave LaSalle judgment.   Goff now appeals.   We affirm.

The documents provided Goff at closing were plainly sufficient to inform him of his rights and obligations.   The disclosure statement provided the number and amounts of all loan payments; hence, a reasonable consumer could determine the payment dates.   And the Notice of Right to Cancel informed Goff that his right to cancel would expire "three business days from . . . the date you received this notice of right to cancel."   He received the Notice on the date of the closing.

AFFIRMED.

3